SEMNAR & HARTMAN, LLP
Bob Semnar (State Bar No. 224890)
Email: bob@sandiegoconsumerattorneys.com
Jared M. Hartman (State Bar No. 254860)
Email: jared@sandiegoconsumerattorneys.com
400 South Melrose Drive, Suite 209
Vista, California 92081
Telephone: (951) 234-0881
Facsimile: (888) 819-8230

MEYER WILSON CO., LPA
Matthew R. Wilson (State Bar No. 290473)
Email: mwilson@meyerwilson.com
Michael J. Boyle, Jr. (State Bar No. 258560)
Email: mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Daniel M. Hutchinson (State Bar No. 239458)
Email: dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Jonathan D. Selbin (State Bar No. 170222)
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| EHSAN AGHDASI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLAIMS RESOURCE SERVICES, INC.<br><br>Defendant. | Case No. 5:16-cv-2156<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

1301683.1

1    Plaintiff Ehsan Aghdasi (hereinafter referred to as "Plaintiff"), individually and on

2  behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel,

3  and on information and belief as follows:

4                                    **NATURE OF ACTION**

5    1.    Plaintiff brings this action for damages, and other legal and equitable

6  remedies, resulting from the illegal actions of Claims Resource Services, Inc. (hereinafter referred

7  to as "CRS") in contacting Plaintiff and Class members on their cellular telephones without their

8  prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C.

9  § 227 et seq. (hereinafter referred to as the "TCPA").  CRS has violated the TCPA, the Federal

10  Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 ("Rules"), and

11  California Business & Professions Code §§ 17200, et seq., the Unfair Competition Law ("UCL"),

12  by contacting Plaintiff and Class members on their cellular telephones via an "automatic

13  telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or

14  prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent

15  within the meaning of the TCPA.

16    2.    Plaintiff brings this action for injunctive relief and statutory damages

17  resulting from CRS's conduct in violation of the TCPA, Rules, and UCL.

18                              **JURISDICTION AND VENUE**

19    3.    This matter in controversy exceeds $5,000,000, as each member of the

20  proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that

21  has violated the TCPA.  Accordingly, this Court has subject matter jurisdiction pursuant to 28

22  U.S.C. § 1332(d)(2).  Further, Plaintiff alleges a multi-state class, which will result in at least one

23  Class member belonging to a different state.  Therefore, both elements of diversity jurisdiction

24  under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has

25  jurisdiction.  This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

26    4.    This Court has personal jurisdiction over CRS because Claims Resources

27  Services is headquartered in California, is authorized to do business in California, and the conduct

28  at issue occurred in or was directed toward individuals in the state of California and in other

1  states.  CRS has therefore established minimum contacts showing it has purposefully availed

2  itself to the resources and protection of the State of California.

3       5.     Venue is proper in the United States District Court for the Northern

4  District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because CRS's principle

5  place of business is located in this district and division; CRS is deemed to reside in any judicial

6  district in which it is subject to personal jurisdiction at the time the action is commenced; the

7  conduct at issue occurred in or was directed toward individuals in the state of California; and

8  CRS's contacts with this District are sufficient to subject it to personal jurisdiction.  Venue is also

9  proper in this District because a substantial part of the events giving rise to the claims occurred in

10  this District.

11  **PARTIES**

12       6.     Plaintiff Ehsan Aghdasi is an individual citizen of the State of California,

13  who resides in Tarzana, California.

14       7.     Defendant Claims Resource Services, Inc. is an insurance company

15  headquartered in Campbell, California, which is in this judicial district.

16  **THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

17  **(TCPA), 47 U.S.C. § 227**

18       8.     In 1991, Congress enacted the TCPA,[1] in response to a growing number

19  of consumer complaints regarding certain telemarketing practices.

20       9.     The TCPA regulates, among other things, the use of automated telephone

21  equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii)

22  prohibits the use of autodialers to make any call to a wireless number in the absence of an

23  emergency or the prior express consent of the called party.[2]

24       10.    According to findings by the FCC, the agency Congress vested with

25  authority to issue regulations implementing the TCPA, such calls are prohibited because, as

26  _____

27  [1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

28  [2] 47 U.S.C. § 227(b)(1)(A)(iii).

1     Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of

2     privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also

3     recognized that wireless customers are charged for incoming calls whether they pay in advance or

4     after the minutes are used.[3]

5            11.    On January 4, 2008, the FCC released a Declaratory Ruling wherein it

6     confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on

7     behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of

8     the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only

9     if the wireless number was provided by the consumer to the creditor, and that such number was

10     provided during the transaction that resulted in the debt owed."[5]

11                           **FACTUAL ALLEGATIONS**

12            12.    At all times relevant, Plaintiff is, and at all times mentioned herein was, a

13     "person" as defined by 47 U.S.C. § 153(39).

14            13.    On or about October 24, 2014, Plaintiff was involved in an automobile

15     accident with another individual. This other individual was insured by Mercury Insurance Group

16     (hereafter "Mercury") at the time of the accident.

17            14.    Plaintiff was insured by GEICO at the time of the accident. However, on

18     information and belief, Mercury and/or CRS wrongly concluded that Plaintiff was uninsured.

19            15.    Upon information and belief, CRS received a file from Mercury

20     containing Plaintiff's cellular telephone number. On the same day it received the file, it entered

21     Plaintiff's cellular telephone number into an automated telephone dialing system" ("ATDS").

22            16.    After the car accident occurred, rather than contacting GEICO, CRS

23     began robocalling Plaintiff in connection with the car accident. CRS's system made automated

24     calls to Plaintiff's cellular telephone on at least eleven occasions using both a prerecorded voice

25

26     [3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

27     [4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

28     [5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

1  and an ATDS.

2      17.    Plaintiff did not provide CRS or Mercury with his phone number and

3  never consented to receiving autodialed and prerecorded messages from CRS or Mercury.

4

5      18.    Plaintiff has no relationship, contractual or otherwise, with Mercury or its

6  collector CRS.  Therefore, he could not have provided, and did not provide, his prior express

7  consent to receive prerecorded or automated calls from Mercury or CRS on his cellular telephone.

8      19.    CRS is, and at all times mentioned herein was, a "person", as defined by

9  47 U.S.C. § 153(39).

10     20.    On information and belief, CRS had a practice of making automated debt

11  collection calls to all persons classified as uninsured.  CRS contacted Plaintiff and Class Members

12  on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C.

13  § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C.

14  § 227(b)(1)(A).

15     21.    The telephone numbers that CRS used to contact Plaintiff and Class

16  Members, with an "artificial or prerecorded voice" and/or made by an "automatic telephone

17  dialing system," were assigned to a cellular telephone service as specified in 47 U.S.C.

18  § 227(b)(1)(A)(iii).

19     22.    Plaintiff and Class Members did not provide "prior express consent" to

20  Mercury or CRS that would have allowed CRS to place telephone calls to Plaintiff's or Class

21  Members' cellular phones utilizing an "artificial or prerecorded voice" or placed by an "automatic

22  telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

23     23.    CRS's telephone calls to Plaintiff's and Class Members' cellular phone

24  were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

25     24.    CRS's telephone calls to Plaintiff's and Class Members' cellular phones

26  utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system"

27  for non-emergency purposes and in the absence of Plaintiff's and Class Members' prior express

28  consent violated 47 U.S.C. § 227(b)(1)(A).

1    25.    The burden is on CRS to demonstrate that Plaintiff and Class Members

2    provided their prior express consent within the meaning of the statute.[6]

3    **CLASS ACTION ALLEGATIONS**

4    26.    Plaintiff brings this action on behalf of himself and on behalf of all other

5    persons similarly situated (hereinafter referred to as "the Class").

6    27.    Plaintiff proposes the following Class definition, subject to amendment

7    as appropriate:

8
     All persons within the United States who, on or after April 22, 2012, received a
9    non-emergency telephone call from CRS to a cellular telephone through the use of
     an automatic telephone dialing system or an artificial or prerecorded voice, and
10   who did not have a contractual relationship with the company on whose behalf
     CRS made the call.

11
12   Collectively, all these persons will be referred to as "Class members."  Plaintiff represents, and is

13   a member of, the Class.  Excluded from the Class are CRS and any entities in which CRS has a

14   controlling interest; CRS's agents and employees; any Judge to whom this action is assigned and

15   any member of such Judge's staff and immediate family; and claims for personal injury, wrongful

16   death and/or emotional distress.

17   28.    Plaintiff also proposes three Subclasses.  Subclass One consists of all

18   Class members who residents of California (hereafter "the California Subclass").  Plaintiff

19   represents, and is a member of, the California Subclass.  In this Complaint, all references to "the

20   Class" apply likewise to the California Subclass, unless otherwise specified.

21   29.    Plaintiff also proposes the following Subclass definition, subject to

22   amendment as appropriate:

23
     All persons within the United States who, on or after April 22, 2012, received a
24   non-emergency telephone call from CRS regarding a Mercury account to a cellular
     telephone through the use of an automatic telephone dialing system or an artificial
     or prerecorded voice, and who were classified as uninsured.

25
26   Collectively, all these persons in this group will be referred to as "the Mercury Subclass."

27   Plaintiff represents, and is a member of, the Mercury Subclass.  In this Complaint, all references

28   ───────────────
     [6] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

to "the Class" apply likewise to the Mercury Subclass, unless otherwise specified.

30.     Finally, Subclass Three consists of all members of the Mercury subclass who are also residents of California (hereafter "the California Mercury Subclass").  Plaintiff represents, and is a member of, the California Subclass.  In this Complaint, all references to "the Class" apply likewise to the California Subclass, unless otherwise specified.

31.     Plaintiff does not know the exact number of members in the Class and the Subclasses, but Plaintiff reasonably believes that Class members number, at minimum, in the thousands.

32.     Plaintiffs and all members of the Class have been harmed by the acts of CRS, because their privacy has been violated, and they were subject to annoying and harassing calls that constitute a nuisance.

33.     This Class Action Complaint seeks injunctive relief and money damages.

34.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.  The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified easily through records maintained by CRS and/or its agent LiveVox.

35.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual Class members.  Those common questions of law and fact include, but are not limited to, the following:

a.     Whether CRS and/or its agent LiveVox made non-emergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

b.     Whether CRS can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), to make such calls;

c.     Whether CRS's conduct was knowing and/or willful;

d.     Whether CRS is liable for damages, and the amount of such damages; and

e. Whether CRS should be enjoined from engaging in such conduct in the future.

36. As a person who received telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

37. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA and UCL.

38. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel CRS to comply with the TCPA and UCL. The interest of Class members in individually controlling the prosecution of separate claims against CRS is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

39. CRS has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA Rules, and UCL violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT – ON BEHALF OF THE CLASS AND THE SUBCLASSES

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***

40. Plaintiff incorporates by reference the foregoing paragraphs of this

1    Complaint as if fully stated herein.

2           41.     The foregoing acts and omissions of CRS constitute numerous and

3    multiple knowing and/or willful violations of the TCPA, including but not limited to each of the

4    above-cited provisions of 47 U.S.C. § 227 *et seq.*

5           42.     As a result of CRS's knowing and/or willful violations of 47 U.S.C.

6    § 227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages of up to

7    $1,500.00 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

8           43.     Plaintiff and all Class members are also entitled to and do seek injunctive

9    relief prohibiting such conduct violating the TCPA by CRS in the future. Plaintiff and Class

10   members are also entitled to an award of attorneys' fees and costs.

11   **<u>SECOND COUNT – ON BEHALF OF THE CLASS AND THE SUBCLASSES</u>**

12   **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227**
     ***ET SEQ.***

13

14          44.     Plaintiff incorporates by reference the foregoing paragraphs of this

15   Complaint as if fully set forth herein.

16          45.     The foregoing acts and omissions of CRS constitute numerous and

17   multiple violations of the TCPA, including but not limited to each of the above cited provisions of

18   47 U.S.C. § 227 *et seq.*

19          46.     As a result of CRS's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and

20   Class members are entitled to an award of $500.00 in statutory damages for each and every

21   violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

22          47.     Plaintiff and Class members are also entitled to and do seek injunctive

23   relief prohibiting CRS's violation of the TCPA in the future.

24          48.     Plaintiff and Class members are also entitled to an award of attorneys'

25   fees and costs.

26

27

28

**THIRD COUNT – ON BEHALF OF THE CALIFORNIA SUBCLASS AND
CALIFORNIA MERCURY SUBCLASS ONLY**

**VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUS. &
PROF. CODE SECTION 17200, *ET SEQ.***

49.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

50.    CRS's practice of making telephone calls to Plaintiff and members of the Subclass on their cellular telephones via an "automatic telephone dialing system" without their prior express consent within the meaning of the TCPA violates 47 U.S.C. § 227 *et seq.*, and the Rules promulgated thereunder.

51.    CRS's conduct described herein violates Cal. Bus & Prof. Code § 17200 *et seq.* (the "UCL") in the following respects:

a.    CRS's utilization of automated and predictive dialing techniques to harass Plaintiff and members of the Class is unlawful and a violation of the UCL.

b.    CRS's use of automated and predictive dialing techniques to harass Plaintiff and members of the Class is unlawful and a violation of the UCL.

c.    Each of CRS's violations of the TCPA and Rules constitute a separate and independent violation of the UCL because such conduct was illegal and unfair competition within the meaning of the UCL.

52.    The harm to Plaintiff and the Subclass arising from CRS's illegal practices outweighs the utility, if any, of those practices.

53.    The illegal business practices of CRS are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiff and members of the Class.

54.    Unless restrained by this Court, CRS will continue to engage in the illegal acts and practices alleged above.

55.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and the Subclass are therefore entitled to:

a.    an Order requiring CRS to cease the unlawful acts alleged herein; and

1        b.        payment of their attorneys' fees and costs pursuant to, *inter alia*, Cal.

2   Code Civ. Proc. § 1021.5.

3                              **PRAYER FOR RELIEF**

4                WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all

5   Class members the following relief against CRS:

6                A.        Injunctive relief prohibiting such violations of the TCPA, Rules, and the

7   UCL by CRS in the future;

8                B.        As a result of CRS's willful and/or knowing violations of 47 U.S.C.

9   § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by

10  statute, of up to $1,500.00 for each and every violation of the TCPA, including $1,000 for each

11  call that violated the TCPA by utilizing both "an artificial or prerecorded voice" and an

12  "automatic telephone dialing system";

13               C.        As a result of CRS's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for

14  himself and each Class member $500.00 in statutory damages for each and every violation the

15  TCPA, including $1,000 for each call that violated the TCPA by utilizing both "an artificial or

16  prerecorded voice" and an "automatic telephone dialing system";

17               D.        An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

18               E.        An order certifying this action to be a proper class action pursuant to

19  Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the

20  Court deems appropriate, finding that Plaintiff is a proper representatives of the Class, and

21  appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

22               F.        Such other relief as the Court deems just and proper.

23

24

25

26

27

28

1   Dated: April 22, 2016                    Respectfully submitted,

2                                            By: */s/ Daniel M. Hutchinson*

3

4                                            SEMNAR & HARTMAN, LLP
                                             Babak "Bob" Semnar
5                                            Email: bob@sandiegoconsumerattorneys.com
                                             Jared M. Hartman (State Bar No. 254860)
6                                            Email: jared@sandiegoconsumerattorneys.com
                                             Email: Bob@semnarlawfirm.com
7                                            400 South Melrose Drive, Suite 209
                                             Vista, California 92081
8                                            Telephone: (951) 234-0881
                                             Facsimile: (888) 819-8230
9
                                             MEYER WILSON CO., LPA
10                                           Matthew R. Wilson
                                             Email: mwilson@meyerwilson.com
11                                           Michael J. Boyle, Jr.
                                             Email: mboyle@meyerwilson.com
12                                           1320 Dublin Road, Ste. 100
                                             Columbus, Ohio 43215
13                                           Telephone: (614) 224-6000
                                             Facsimile: (614) 224-6066
14
                                             LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
15                                           Jonathan D. Selbin
                                             Email: jselbin@lchb.com
16                                           250 Hudson Street, 8th Floor
                                             New York, NY  10013
17                                           Telephone: (212) 355-9500
                                             Facsimile: (212) 355-9592
18
                                             LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
19                                           Daniel M. Hutchinson
                                             Email: dhutchinson@lchb.com
20                                           275 Battery Street, 29th Floor
                                             San Franscisco, CA 94111
21                                           Telephone: (415) 956-1000
                                             Facsimile: (415) 956-1008
22

23
                                             *Attorneys for Plaintiff Ehsan Aghdasi and the Proposed*
24                                           *Class*

25

26

27

28

1

2

<h2>DEMAND FOR JURY TRIAL</h2>

3

Plaintiff demands a trial by jury of any and all issues in this action so triable.

4

5

Dated:  April 22, 2016                    Respectfully submitted,

6

By: */s/ Daniel M. Hutchinson*

7

8

SEMNAR & HARTMAN, LLP
Babak "Bob" Semnar
Email: bob@sandiegoconsumerattorneys.com

9

Jared M. Hartman (State Bar No. 254860)
Email: jared@sandiegoconsumerattorneys.com
400 South Melrose Drive, Suite 209

10

Vista, California 92081
Telephone: (951) 234-0881

11

Facsimile: (888) 819-8230

12

MEYER WILSON CO., LPA
Matthew R. Wilson

13

Email:  mwilson@meyerwilson.com
Michael J. Boyle, Jr.

14

Email:  mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100

15

Columbus, Ohio 43215
Telephone:  (614) 224-6000

16

Facsimile:  (614) 224-6066

17

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin

18

Email:  jselbin@lchb.com
250 Hudson Street, 8th Floor

19

New York, NY  10013
Telephone:  (212) 355-9500

20

Facsimile:  (212) 355-9592

21

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson

22

Email: dhutchinson@lchb.com
275 Battery Street, 29th Floor

23

San Franscisco, CA 94111
Telephone: (415) 956-1000

24

Facsimile: (415) 956-1008

25

*Attorneys for Plaintiff Ehsan Aghdasi and the Proposed*
*Class*

26

27

28

1301683.1                              - 12 -                    CLASS ACTION COMPLAINT